■ In the Matter of RETAILERS COLLATERAL SECURITY TRADING CORP., Appellant, against DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.— Petitioner, a sales finance company, seeks an order directing the Secretary of State to accept for filing a certificate of change of its name to Retailers Finance Corporation. Respondent has refused to accept the certificate, and its position has been upheld at Special Term. Section 9 of the General Corporation Law prohibits the use of the word "finance", *inter alia*, in the name of any stock corporation except a moneyed corporation. The term "moneyed corporation" is defined in section 3 of the General Corporation Law as "a corporation formed under or subject to the banking law or the insurance law" (subd. 6). Petitioner, although formed under the Stock Corporation Law, contends that it is "subject to the banking law," and thus a "moneyed corporation," by virtue of chapter 635 of the Laws of 1956 (Banking Law, art. 11-B). This enactment requires sales finance companies to obtain a license from the Superintendent of Banks. Undoubtedly, it places the peti-

tioner under the supervision of the Banking Department. But this is not the same thing as being "subject to the banking law" for purposes of the "moneyed corporation" definition in General Corporation Law (§ 3, subd. 6). This definition derives from chapter 687 of the Laws of 1892. Respondent's brief points out that the purpose of the words "subject to the banking law" was to include as "moneyed corporations" those banking corporations which had been incorporated by special acts of the Legislature before general incorporation laws were enacted, as well as foreign banking corporations authorized to do business within this State. Petitioner is certainly not subject to the Banking Law in the same degree that organizations formed thereunder are. It seems clear that the intent of the Legislature is to restrict the use of the word "finance" (as well as numerous other words indicating the banking or insurance business — see General Corporation Law, § 9) to corporations formed under the Banking or Insurance Law (or subject to these laws in the same degree that corporations formed thereunder are), except in a few instances where specific statutory permission is given otherwise (see General Corporation Law, § 9-c; Banking Law, § 364). It also is clear that when the Legislature added article 11-B to the Banking Law in 1956 it did not intend thereby to bring sales finance companies within the definition of "moneyed corporations". At the time of its original passage article 11-B made no specific exclusion of sales finance companies from the "moneyed corporations" category (in contrast to the fact that art. 9 of the Banking Law, dealing with small loan companies, *did* exclude them from the "moneyed corporation" definition). That this was mere oversight has been demonstrated by the passage of chapter 224 of the Laws of 1958, which has become section 500 of the Banking Law. It specifically states that a corporation is not to be deemed a moneyed corporation because it is required to be licensed pursuant to the provisions of article 11-B. Order affirmed, with $10 costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.